UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| **JOHN MANCINI, and** <br> **NORTHEAST OHIO COALITION** <br> **FOR THE HOMELESS,** <br><br> Plaintiffs, <br><br> v. <br><br> **CITY OF CLEVELAND,** <br> **FRANK JACKSON, in his official** <br> **capacity as Mayor of Cleveland** <br> **CALVIN WILLIAMS, in his official** <br> **capacity as Chief of Police** <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.: |

## **COMPLAINT**

1. The City of Cleveland has enacted two Anti-Panhandling Ordinances—Cleveland Municipal Ordinances Section 605.031 and Cleveland Municipal Ordinances Section 471.06(b)-(d)—which make it a crime to express a need for help in many places throughout the City. These Ordinances, which prohibit individuals from communicating information about their poverty to others, are unconstitutional because they are content-based restrictions on the right of free speech. Plaintiffs ask this Court to provide them redress from these unconstitutional Ordinances.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to Article III of the Constitution of the United States and 28 U.S.C. §§ 1331 and 1343(3) and (4). The relief sought is authorized by the Constitution of the United States, 42 U.S.C. § 1983, and other law.

3. This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2). The actions giving rise to this suit took place in this judicial district. Defendant City of Cleveland is located within this judicial district, and Defendants Mayor Jackson and Chief Williams, sued in their official capacity, work in this judicial district as well.

## PARTIES

**Plaintiffs**

4. **Plaintiff John Mancini**, a disabled veteran, is a resident of Cleveland. He regularly panhandles in the City.

5. Mr. Mancini typically sits on the side of a sidewalk downtown holding a cardboard sign reading, "wartime vet; can you please help a vet trying to get by; your help appreciated." He never follows people or initiates conversations.

6. Sometimes, Mr. Mancini instead stands alongside a roadway, holding his sign, and collects donations from drivers who are stopped at a traffic light.

7. During December, 2016 and January, 2017, Mr. Mancini was ticketed four times and convicted once for violating Cleveland's Anti-Panhandling Ordinances. During this time, and since, he has also been repeatedly told to leave areas where he has panhandled, and threatened with arrest.

8. Since his tickets, the police threats and harassment against Mr. Mancini have escalated, and he is now too afraid to panhandle in downtown Cleveland.

9. **Plaintiff Northeast Ohio Coalition for the Homeless (NEOCH)** is a non-profit, charitable, membership organization whose mission it is to organize and empower homeless and at-risk men, women, and children to break the cycle of homelessness through public education, advocacy, and the creation of nurturing environments. In furtherance of its mission, NEOCH advocates on behalf of people who are homeless by testifying on proposed legislation, issuing policy statements and responses to changes in local regulations, and working to assure that homeless people are not targeted by police.

10. NEOCH is made up of roughly 40 organizational members and roughly 350 individual members, 60 of whom are homeless individuals. NEOCH holds monthly meetings with homeless individuals to collect input on its policy and advocacy work to ensure that its efforts are aligned with homeless individuals' needs.

11. NEOCH was incorporated in the State of Ohio in 1987, and has its principal office in Cleveland, Ohio.

12. As a result of Cleveland's Anti-Panhandling Ordinances, NEOCH has been forced to divert resources to combat aggressive law enforcement activity against its members and clients for allegedly violating these ordinances. Moreover, many of NEOCH's members and clients have been ticketed, arrested, or harassed because of Cleveland's Anti-Panhandling Ordinances.

**Defendants**

13. **Defendant City of Cleveland** (the "City") is a municipal corporation located in Cuyahoga County, Ohio.

14. **Defendant Frank Jackson** is the Mayor of the City of Cleveland, Ohio. As Mayor, Jackson is the executive head of the City of Cleveland.

15. **Defendant Calvin D. Williams** is the Chief of the City of Cleveland Police Department. As the Chief of Police, Williams oversees the activities of the City of Cleveland's Police Department.

## FACTS

**Cleveland's Anti-Panhandling Ordinances**

16. Cleveland has two municipal ordinances that expressly regulate speech asking for an immediate donation of money - also referred to as panhandling or charitable solicitation. These restrictions are codified at Cleveland, OH Municipal Ordinances Section 605.031 (the "Sidewalk Ordinance") and Section 471.06(b)-(d) (the "Roadway Ordinance") (together, "Cleveland's Anti-Panhandling Ordinances").

17. The Sidewalk Ordinance is officially titled "Aggressive Solicitation." It places restrictions on solicitation, which it defines as speech that "request[s] an immediate donation of money or other thing of value from another person, regardless of the solicitor's purpose or intended use of the money or other thing of value. The solicitation may be, without limitation, by the spoken, written, or printed word, by gesture or by other means of communication." Cleveland, OH Municipal Ordinances §605.031 (2017).

18. The restrictions placed on solicitation by the Sidewalk Ordinance include the prohibition of solicitation within 20 feet of an ATM machine; within 20 feet of a bus stop or rapid-transit shelter; within 20 feet of a line of pedestrians waiting to obtain access to a building or event; within 20 feet of an outdoor restaurant; within 20 feet of a valet zone; within 15 feet of a pay telephone; within 15 feet of the entrance or exit of any public toilet facility; on public property within 10 feet of an entrance to a parking lot or building; and "[o]n a public street, by intentionally or recklessly blocking the safe or free passage of a person or vehicle."

19. In a separate subsection, the Sidewalk Ordinance also prohibits solicitation in an "aggressive" manner, which is defined to include asking an individual who said "no" to reconsider.

20. The Sidewalk Ordinance was first enacted in 2005, and was made permanent in 2006.

21. Several business owners testified in favor of the ordinance at a 2005 City Council Public Safety Committee hearing. They argued that their patrons did not like being exposed to panhandling.

22. Moreover, a Cleveland restaurant owner penned a 2005 op-ed in Crain's Cleveland Business urging passage of the law. The author argued:

    [P]anhandling is a detriment to the economic health of downtown Cleveland. ... These guys generally aren't aggressive and aren't near a no-mooching zone. However, they and other panhandlers are a nuisance to people who live and work in the district… Businesses won't come to places where their employees feel uncomfortable, and people won't choose to live or dine in areas where they believe they will be harassed.

    *"Out of hand,"* 26 Crain's Cleveland Business 6 (May 2, 2005).

23. When the Sidewalk Ordinance was proposed for passage, NEOCH testified in opposition, arguing that law enforcement responses to homelessness are cruel and

5

ineffective, and noting that the ordinance was an unconstitutional restriction on free speech.

24. The American Civil Liberties Union of Ohio also testified in opposition to the ordinance, noting that it unconstitutionally limited free speech.

25. Cleveland City Council sided with business interests and passed the Sidewalk Ordinance anyway.

26. Cleveland's Roadway Ordinance regulates panhandling along streets and highways. Its provisions prohibit soliciting or accepting contributions near any roadway, but contain exceptions that permit solicitation and acceptance of contributions for "bona fide charitable causes." Cleveland, OH Municipal Ordinances § 471.06(b)-(d) (2017).

27. Upon information and belief, Defendants do not consider individuals soliciting donations for themselves or immediate family members to be soliciting for a "bona fide" charitable cause.

28. Both of Cleveland's Anti-Panhandling Ordinances were crafted with the intent—and have the effect—of preventing panhandlers from reaching some of their target audience.

29. None of these restrictions are carefully tailored to further a compelling government interest.

30. These restrictions criminalize certain types of speech based on the content of the message conveyed.

31. The Anti-Panhandling Ordinances further stigmatize and demean individuals who are homeless and very poor in Cleveland.

**Enforcement of the Anti-Panhandling Ordinances Against John Mancini**

32. In December 2016 and January 2017, the City of Cleveland charged Mr. Mancini with violating the Sidewalk Ordinance four separate times, and issued him four tickets.

33. In each incident, Mr. Mancini had been sitting on the side of a sidewalk along Euclid Avenue, silently holding a cardboard sign asking for help. Mr. Mancini's sign said, "wartime vet; can you please help a vet trying to get by; your help appreciated."

34. One ticket was dismissed by a judge for want of prosecution. On February 7, 2017, two tickets were dismissed by the prosecutor, and Mr. Mancini pleaded no contest to the fourth.

35. On Saturday, February 18, 2017, Mr. Mancini was silently holding his cardboard sign near Euclid Ave. and East 14th St. in Cleveland. Two Cleveland police officers approached Mr. Mancini, told him to leave, and threatened to arrest him if they saw him panhandling downtown again.

36. On dozens of other occasions, Cleveland Police, and other law enforcement agencies, and quasi-governmental agencies, based on both Ordinances, have told Mr. Mancini to stop panhandling to pedestrians and to occupants of vehicles in the City.

37. After the most recent incident, on February 18, Mr. Mancini is now too afraid to return to downtown Cleveland to panhandle.

**Enforcement of the Anti-Panhandling Ordinances Against NEOCH Members and Clients**

38. The Cleveland Police Department issued more than 5,800 tickets for violations of the Anti-Panhandling Ordinances between 2007 and 2015. Other law enforcement agencies and quasi-governmental entities also enforce the Ordinances.

39. Because these tickets are issued to homeless and very poor individuals who cannot pay their fines, often these individuals fail to appear at court hearings. Upon information and belief, the Cleveland Police Department has a policy or practice of jailing these individuals. The jailing of such individuals is thus ultimately a result of their being targeted under the Ordinances.

40. For example, in January 2017, an outreach worker with NEOCH had difficulty locating a homeless client to inform him that he was eligible for housing after moving up a waiting list. Upon information and belief, the outreach worker was unable to reach the client because the client was in jail after failing to appear to pay a fine arising from one of Cleveland's Anti-Panhandling Ordinances.

41. In February 2017, one of NEOCH's members was jailed for several days after she was unable to pay a fine imposed on her under one of Cleveland's Anti-Panhandling Ordinances.

42. Many other members and clients of NEOCH have also been charged with violating Cleveland's Anti-Panhandling Ordinances, or told by law enforcement that they must stop asking for help.

43. As a result of the enforcement of the Ordinances against its clients and members, NEOCH has increased the resources it must expend to advocate against the Ordinances, and to protect panhandlers from police harassment.

## CAUSES OF ACTION

### COUNT ONE
### Constitutional and Civil Rights Pursuant to 42 U.S.C. § 1983
### Violation of First Amendment and Ohio Constitution
**(Against all Defendants)**

44. Speech that communicates a need, asks for help, or requests charity is protected free speech under the United States and Ohio Constitutions.

45. A law is a presumptively unconstitutional content-based restriction on speech if *either* (1) the *text* of the law makes distinctions based on the speech's "subject matter … function or purpose" *or* (2) the *purpose* behind the law is driven by an objection to the content of a message. *Reed v. Town of Gilbert, Ariz.*, 135 S. Ct. 2218, 2227 (2015).

46. By expressly targeting panhandling speech based on its subject matter, function, or purpose, Cleveland's Anti-Panhandling Ordinances are content-based restrictions on speech that are presumptively unconstitutional.

47. In addition, because the purpose of enacting the Ordinances was to silence a particular message—the expression of need—that was disliked by a few business owners, Cleveland's Anti-Panhandling Ordinances are content-based laws that are presumptively unconstitutional.

48. As content-based restrictions on free speech, Cleveland's Anti-Panhandling Ordinances are unconstitutional unless the Defendants can prove that the Ordinances meet the demands of strict scrutiny, namely, that they are narrowly tailored to further a compelling state interest.

49. Cleveland's Anti-Panhandling Ordinances are not narrowly tailored, nor do they substantially further a compelling state interest.

50. Cleveland's Anti-Panhandling Ordinances have harmed and continue to harm Plaintiff John Mancini by subjecting him to ticketing, harassment, and threats of being jailed because some members of the community object to the content of his speech. In

addition, Cleveland's Anti-Panhandling Ordinances have interfered with Mr. Mancini's ability to freely communicate his needs to the Cleveland community.

51. Cleveland's Anti-Panhandling Ordinances have harmed and continue to harm Plaintiff NEOCH by compelling a diversion of its organizational resources and by leading to Defendants' unconstitutional arrests and harassment of NEOCH's members and clients.

52. The unconstitutional restrictions and requirements of Cleveland's Anti-Panhandling Ordinances have injured Plaintiffs, making them entitled to relief under the federal and state constitutions and 42 U.S.C. § 1983.

53. The unconstitutional restrictions and requirements of Cleveland's Anti-Panhandling Ordinances have caused and will continue to cause irreparable harm to the rights of the Plaintiffs and others similarly situated.

## PRAYER FOR RELIEF

Plaintiffs request that this Court enter judgment against Defendants City of Cleveland, Mayor Jackson, and Chief Williams, providing the following relief:

A. Damages in whatever amount the Plaintiffs are found to be entitled;

B. Temporary, Preliminary, and Permanent Injunctive Relief and Declaratory Relief;

C. An award of interest, costs, and reasonable attorney's fees; and

D. Such other and further relief as the Court deems appropriate.

February 28, 2017

Respectfully Submitted,

/s/ Joseph Mead
Joseph Mead (0091903)
2121 Euclid Ave., UR 317
Cleveland OH 44115
Phone: 216-307-5322
jmeadlaw@gmail.com

Freda Levenson (0045916)
Elizabeth Bonham (0093733)
ACLU of Ohio
4506 Chester Ave.
Cleveland, OH 44103
Phone: 216-472-2220
Fax: 216-472-2210
flevenson@acluohio.org
ebonham@acluohio.org

*Attorneys for Plaintiffs*

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

| | |
|---|---|
| Mancini, John, et al. <br> *Plaintiff* <br> v. <br> City of Cleveland, et al. <br> *Defendant* | ) <br> ) <br> ) Civil Action No. <br> ) <br> ) |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: City of Cleveland
*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within __30__ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: __02/28/2017__

*Signature of the attorney or unrepresented party*
Freda J. Levenson
*Printed name*

ACLU of Ohio Foundation, Inc.
4506 Chester Ave.
Cleveland, OH 44103
*Address*

flevenson@acluohio.org
*E-mail address*

216/472-2220
*Telephone number*

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

| | |
|---|---|
| Mancini, John, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| City of Cleveland, et al. | ) |
| *Defendant* | ) |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: Mayor Frank Jackson
*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within __30__ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: 02/28/2017

*Signature of the attorney or unrepresented party*

Freda J. Levenson
*Printed name*

ACLU of Ohio Foundation, Inc.
4506 Chester Ave.
Cleveland, OH 44103
*Address*

flevenson@acluohio.org
*E-mail address*

216/472-2220
*Telephone number*

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

| Mancini, John, et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| City of Cleveland, et al. | ) |
| *Defendant* | ) |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: Chief Calvin Williams
*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within __30__ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: __02/28/2017__

_____
*Signature of the attorney or unrepresented party*

Freda J. Levenson
*Printed name*

ACLU of Ohio Foundation, Inc.
4506 Chester Ave.
Cleveland, OH 44103
*Address*

flevenson@acluohio.org
*E-mail address*

216/472-2220
*Telephone number*